No. 3769

Second Circuit

## LOMAX v. BAKER

(June 2, 1930. Opinion and Decree.)

Wm. J. Hammon, of Jonesboro, attorney for plaintiff, appellee.

H. W. Ayres, of Jonesboro, attorney for defendant, appellant.

DREW, J. Plaintiff, an architect, sued the defendant for $150, less a credit of $12.50, alleging that he had entered into a contract with defendant to prepare plans and specifications for a brick veneer house in the town of Jonesboro, for an agreed price of $150; that he prepared the plans, blueprints, etc., and delivered them to de-

fendant. He further alleges that since that time he purchased from defendant a suit of clothes for $12.50, which amount was agreed to be credited on said bill of $150, leaving a balance of $137.50.

The answer is a general denial. Defendant admits that he received the plans and blueprints and had them in his possession until the day of trial several months after same were delivered to him, but contends that plaintiff made the plans and blueprints at his own risk, and that he agreed to pay for them only provided that he build a house; that he had not built and did not know when he would; and that the price of $150 also included supervision of the building, as well as the preparing of plans and blueprints.

The lower court rendered judgment in favor of plaintiff for the amount sued for, and from that judgment the defendant has appealed to this court.

The only question in the case is one of fact and revolves around the one fact. Did plaintiff perform the work at his own risk and expense contingent on defendant building the house or not?

The testimony is short and is conflicting, the plaintiff testifying that there was no contingency to the contract and that the money was due upon delivery of the plans. The defendant testified to the contrary. It is true that one of defendant's clerks claims to have overheard the defendant say to plaintiff that he would do the work at his own risk, if he prepared the plans.

Plaintiff testified that he spent three weeks' time preparing the plans and expended some money having them printed. The lower court undoubtedly gave credence to the testimony of plaintiff and he could better pass on the credibility of the witnesses than we can, as he saw and heard them testify and, no doubt, is personally acquainted with both plaintiff and defendant. It is a case in which the credibility of the witness would govern the decision. The lower court found for plaintiff, and we cannot say there is manifest error in his judgment. Therefore, it is ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.